**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HARLAN DEAN GRAVES,<br><br>   Plaintiff,<br><br> v.<br><br>LUIS MOSQUEDA,<br><br>   Defendant. | Case No. 16-cv-03736-BLF<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND AND VACATING THE CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 13] |

Plaintiff Harlan Dean Graves Jr., proceeding *pro se* and *in forma pauperis*, brings nine claims against Luis Mosqueda, a City of Monterey police officer: (1) violation of civil rights under 42 U.S.C. § 1983; (2) excessive use of force; (3) intentional infliction of emotional distress, (4) false imprisonment, (5) battery, (6) assault, (7) malicious prosecution, (8) negligence, and (9) malice. *See generally* Compl., ECF 1. Plaintiff's allegations arise out of his arrest on June 29, 2014.

Now before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Mot., ECF 13. For the reasons stated herein, Defendant's motion is GRANTED IN PART WITH LEAVE TO AMEND. Accordingly, the Court VACATES the case management conference scheduled for January 5, 2017.

**I. BACKGROUND**

Graves claims that on June 29, 2014, he was using the Stevenson Monterey motel's ("motel") Wi-Fi signal from outside the premises. *Id.* at 5. After about half an hour, an employee instructed him to leave immediately. *Id.* Graves became upset, began crying, and declined to leave. *Id.* Several minutes later, Graves alleges that the police arrived and asked him several

questions, which he answered respectfully and completely. *Id.* Nevertheless, the police asked Graves to stand up and put his hand behind his back because he was under arrest for public intoxication. *Id.*

Graves objected to his arrest, stating that he was not drunk and encouraged the officers to give him a breathalyzer test. *Id.* Graves refused to cooperate with the arrest and instructed Officer Mosqueda to call his supervisor and obtain proof of intoxication. *Id.* Mosqueda ignored Graves, and physically forced him out of the chair he was sitting in. *Id.* The officer then handcuffed Graves and forced him into the patrol car, causing injuries to Plaintiff's wrists and neck. *Id.*; Exs. A & B to Compl., ECF 1. Graves was subsequently transported to the Monterey City Jail, cited for a public intoxication charge, and released eight hours later. *Id.*

Mosqueda now moves to dismiss the action with prejudice because Plaintiff has not alleged compliance with the California Government Claims Act, and even if he could allege compliance, the statute of limitations bars the federal and state law claims. *See generally* Mot. Mosqueda also argues that the first cause of action should be dismissed for failure to state a claim because section 1983 is not a source of substantive rights. *Id.* Plaintiff did not file an opposition to Defendant's motion, and Defendant filed a notice of no opposition. ECF 17.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

1  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  DISCUSSION

#### A.  California Government Claims Act

Defendant first argues that Plaintiff's state law claims must be dismissed because Graves fails to allege compliance with California's claims presentation requirements under the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 905.  Mot. 4–5.  The CTCA provides, in relevant part, that "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury" is barred by the CTCA.  Cal. Gov't Code § 950.2.  As a result, "[b]efore a person can sue a public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim." *Robinson v. Alameda County*, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012); *see also Briggs v. Lawrence*, 230 Cal. App. 3d 605, 612–13 (1991) ("[T]he Legislature included in the Tort Claims Act what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities.").  Claims under the CTCA must be filed within six months of the accrual of the cause of action.  *See A.C. by and through Calhoun v. City of Santa Clara*, No. C13-3276 EMC, 2014 WL 1678004, at *2 (N.D. Cal. Apr. 28, 2014).  The claim filing requirement "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007).

Mosqueda correctly argues that all of the claims against him in this action arise out of actions or omissions he took within the scope of his employment as a City of Monterey police officer.  Mot. 5.  Accordingly, the notice requirement of the CTCA applies.  Defendant also correctly argues that the complaint contains no allegations regarding compliance with the notice requirement.  Thus, the Court DISMISSES claims 3 through 9.

However, the Court will grant Graves leave to amend his complaint to include such allegations because Defendant admits that Plaintiff actually did file a government claim in a timely manner. Mot. 3 ("On December 17, 2014, the City received a Claim for Damages to Person or Property ('Tort Claim') from Plaintiff alleging that he suffered bodily harm and emotional distress as a result of his arrest by Officer Mosqueda."); Ex. 1 to Freeman Decl., ECF 13-1 (Graves' claim form).

### B. Statute of Limitations

Mosqueda also argues that the statute of limitations bars Graves' state law and federal claims. Mot. 5–8. As to the state law claims, under the CTCA, a litigant is required to file suit within six-months after the public entity provides written notice rejecting the claim. Cal Gov't Code § 945.6(a)(1); *A.C. by and through Calhoun*, 2014 WL 1678004, at *2. The City mailed its rejection of Graves' Tort Claim on January 22, 2015. Mot. 6. Graves, however, did not commence this action until July 1, 2016, a year and a half later and almost a year after the limitations period expired.

As to the federal claims, section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). Here, Graves was arrested on June 29, 2014, and released from jail on June 30, 2014. Ex. A to Compl.; Mot. 7. Thus, to be timely, Graves was required to file this action on or before June 30, 2016. Again, Graves did not commence this action until July 1, 2016.

Accordingly, the Court GRANTS Defendant's motion to dismiss on this ground. However, a motion to dismiss based on the statute-of-limitations defense should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (citation and internal quotation marks omitted). Therefore, in recognition of Plaintiff's *pro se* status, the Court grants Plaintiff LEAVE TO AMEND to allege facts relating to the timeliness of his filing or reasons for his delay. *See, e.g.*, *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) ("Where the danger of prejudice to the defendant is absent, and the interests of justice

4

so require, equitable tolling of the limitations period may be appropriate."); *Dutro v. Cty. of Contra Costa*, No. 12-cv-2972, 2013 WL 544431, at *5 (N.D. Cal. Sept. 30, 2013) ("A public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act.").

### C. Section 1983 Claims

Lastly, Mosqueda argues that Graves' first cause of action for deprivation of rights under 42 U.S.C. § 1983 should be dismissed because section 1983 is not a source of substantive rights. Mot. 8. While Defendant is technically correct, courts are to broadly construe pleadings filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt." *See, e.g.*, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Looking at the complaint, it is evident that Graves brings his section 1983 claim for excessive force and unlawful arrest in violation of his 4th Amendment rights. *See* Compl. at 7–8. Accordingly, the Court DENIES Defendant's motion as to this argument.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the state law claims because Graves has not alleged compliance with the CTCA is GRANTED WITH LEAVE TO AMEND. Plaintiff may amend his complaint to allege that he timely filed a Tort Claim.

2. Defendant's motion to dismiss the state law and federal claims as untimely is GRANTED WITH LEAVE TO AMEND.

3. Defendant's motion to dismiss Plaintiff's first cause of action because section 1983 is not a source of substantive rights is DENIED.[1]

Plaintiff must file any amended complaint **on or before January 13, 2017**. Failure to file

---

[1] The Court notes that much of Defendant's motion is hyper-technical, particularly with regard to challenging Plaintiff's compliance with the CTCA while attaching his timely filed Tort Claim and asking the Court to dismiss Plaintiff's first cause of action because he erroneously split his claim under section 1983 and the Fourth Amendment. As Defendant is aware, courts are to broadly construe pleadings filed by *pro se* litigants and give such plaintiffs the benefit of the doubt. The Court trusts that in any future motion to dismiss, if any, Defendant will not waste the Court's resources by invoking similar arguments that would not warrant dismissal.

United States District Court
Northern District of California

an amended complaint will result in dismissal of this action. Additionally, the case management conference scheduled for January 5, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: December 14, 2016

BETH LABSON FREEMAN
United States District Judge